```
IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

WILLIAM TORRES,              )    CIVIL NO. 11-724 SOM/BMK
                             )
        Plaintiffs,          )    ORDER GRANTING DEFENDANT
                             )    READ'S MOTION FOR SUMMARY
    vs.                      )    JUDGMENT ON TORRES'S FEDERAL
                             )    CLAIMS AND REMANDING TORRES'S
THOMAS READ, et al.,         )    STATE-LAW CLAIMS
                             )
        Defendants.          )
_____)
```

**ORDER GRANTING DEFENDANT READ'S MOTION
FOR SUMMARY JUDGMENT ON TORRES'S FEDERAL CLAIMS
AND REMANDING TORRES'S STATE-LAW CLAIMS**

**I.      INTRODUCTION.**

Plaintiff William Torres is suing Defendant Thomas Read in his official and individual capacities under 42 U.S.C. § 1983 for constitutional and state-law violations in connection with an alleged miscalculation of his sentence. Torres claims that Read's miscalculation of his "maximum term release date" from prison caused Torres to be released 53 days after he should have been released.

Read now moves for summary judgment on all counts on the grounds that: (1) as an employee of the State of Hawaii Department of Public Safety ("DPS") at all times relevant to this case, he may not be sued in his official capacity under § 1983; (2) he is entitled to qualified immunity with respect to federal claims against him in his individual capacity; (3) the state tort claims against him in his official capacity cannot proceed

because the state has not waived its sovereign immunity; and (4) Torres does not plead a cognizable negligence claim. See Def.'s Mot. for Summ. J., ECF No. 12 ("Motion").

The court grants Read's motion for summary judgment on Torres's federal claims and remands all of Torres's state-law claims to state court.

**II.     BACKGROUND FACTS.**

This case involves a change in the way DPS calculated an inmate's "maximum term release date" ("MTRD"). DPS says that the change was a correction consistent with a state statute, and that prior calculations had been erroneous. The change involved treating sentences imposed on an individual at different times as running consecutively, although DPS had previously assumed they ran concurrently. The change therefore resulted in longer custody periods for some inmates.

Torres is one of the inmates affected by the change.

The part of Torres's life relevant to the present motion begins on March 11, 1991, when Torres was sentenced to ten years in prison on each of two counts of burglary in the first degree before the Circuit Court of the First Circuit, State of Hawaii. See Judgment in Cr. No. 90-0399, ECF No. 13-2 ("First Judgment"). The First Judgment provided that the sentences on both counts were "to be served concurrent with each other and concurrent to any other sentence defendant is serving." Id.

In a separate state case, Torres was sentenced to probation for a separate burglary and three sexual abuse counts. He violated the terms of his probation, leading the state court to revoke probation and resentence him on May 17, 1991, to ten years in prison for the burglary count and five years for each of the sexual abuse counts, "with credit for time served." See Judgment in Cr. No. 86-0994, ECF No. 13-3 ("Second Judgment"). The Second Judgment provided that, "Said sentence is to be served concurrently as to each Count." Id.

On April 23, 2000, the Hawaii Paroling Authority released Torres from prison based on what it now says was an incorrect calculation of his MTRD. Decl. of Nettie Simmons ("Simmons Decl.") ¶ 4, ECF 12-2; see also Dep't of Corrections Offense Data Sheet, ECF No. 13-4.

The DPS explains, "Prior to January 1, 2005, the Department of Public Safety had a practice of treating all sentences imposed at different times as running concurrent to each other, unless the judgment stated they were to run consecutively." Simmons Decl. ¶ 14, ECF No. 12-2. "This practice did not comply with HRS § 706-668.5, as it existed at the time." Id. At the time, Section 706-668.5 said, "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms run concurrently." On January 1, 2005, "a new written policy became

effective which required that sentences imposed at different times shall be treated as running consecutively to any other sentence being served by the defendant, unless the judgment stated they were to run concurrently." Simmons Decl. ¶ 15.

Torres did not remain free for very long after his release in 2000. Torres was sentenced on November 27, 2002, to ten years in prison for each of three burglary counts, ten years for kidnapping, and five years for unauthorized control of a propelled vehicle. See Judgment in Cr. No. 01-1-0548, ECF No. 13-5 ("Third Judgment"). The Third Judgment provided for those prison terms "to run concurrently with other." Id.

On October 19, 2009, Torres's MTRD was calculated as March 5, 2011. 9/19/09 Sentence Computation Form, ECF No. 13-6. On March 1, 2011, just four days before Torres was scheduled to be released, DPS reviewed Torres's file and realized that Torres's previously calculated MTRD of March 5, 2011, was based on the old DPS practice of assuming that sentences imposed at different times ran concurrently. Simmons Decl. ¶ 11, ECF No. 12-2. DPS then revised its calculation so that Torres's sentence in the Third Judgment ran "consecutive with [the Second Judgment] pursuant to HRS 706-668.5," resulting in a new MTRD of January 22, 2018. 3/1/11 Sentence Computation Form, ECF No. 13-8. DPS sent a letter to Torres that same day advising him of his new MTRD. DPS Letter to Torres, ECF No. 13-9.

On April 4, 2011, Torres filed a "Motion to Correct Judgment" with the Circuit Court of the First Circuit, State of Hawaii.  ECF No. 48-5.  On April 27, 2011, the Circuit Court of the First Circuit, State of Hawaii, issued an amended Third Judgment.  ECF No. 13-10 ("Amended Third Judgment").  The Amended Third Judgment provided: "THIS SENTENCE SHALL RUN CONCURRENTLY TO ANY OTHER SENTENCES THE DEFENDANT IS CURRENTLY SERVING."  Id.  On April 28, 2011, DPS received notice of the Amended Third Judgment and released Torres that same day.  Simmons Decl. ¶ 13.

Torres filed a lawsuit with the Circuit Court of the First Circuit, State of Hawaii, complaining that "he was not released until 53 days **after** his MTRD."  Am. Compl. ¶ 6, ECF No. 1-1 (boldface in original).  Torres alleges that his "overdetention came about as a result of Defendants' recalculation of Plaintiff's MTRD which Plaintiff was informed of by letter dated 3/1/2011."  Id. ¶ 7.  On December 2, 2012, Read removed this action to this court.  Notice of Removal, ECF No. 1.

In his Amended Complaint, Torres charges that "Defendants **are responsible to** gather all the documents from the court needed for calculating an accurate MTRD for Plaintiff."  Am. Compl. ¶ 14.  Torres complains that "Defendants chose not to call the court, check the court docket sheet (available on the State web page)[,] call Plaintiff's criminal defense counsel or the Prosecutor's Office to see if Plaintiff was right in his

5

claim or go to court and check the record and file." Id. ¶ 19. Torres says, "Had Defendants[] done such investigation they would have learned the sentencing court ordered Plaintiff's sentence be concurrent for the court **denied** the prosecutor's motion for extended term and **denied the prosecutor's motion for consecutive sentence**." Id. ¶ 21.

Torres alleges that Read, then the Administrator for DPS's Offender Management Office, in his individual and official capacities, is liable for: (1)a Fifth and Fourteenth Amendment due process violation; (2) an Eighth Amendment cruel and unusual punishment claim; and (3) a Fourth and Fourteenth Amendment unreasonable search and seizure claim. Torres also raises the following state-law claims: (4) violations of his "corresponding" state rights to due process, privacy, and freedom from unreasonable searches, seizures, invasions of privacy, and excessive punishment; and (5) negligence. Torres seeks damages as his relief.

**III.    STANDARD.**

Summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). See Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The movants must support their position that a material fact is or is not genuinely disputed by

either "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials"; or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must set forth specific facts showing that there is a genuine issue for trial. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). All evidence and inferences must be construed in the light most favorable to the nonmoving party. Id. at 631.

**IV.     READ IS ENTITLED TO SUMMARY JUDGMENT ON ALL FEDERAL CLAIMS.**

Torres's federal constitutional claims against Read in his official and individual capacities are all brought under 42 U.S.C. § 1983. Am. Compl. ¶ 4, ECF No. 1. Read is entitled to summary judgment as a matter of law on all of Torres's federal claims asserted against him in his official and individual capacities.

Torres's claims against Read in his official capacity fail as a matter of law because a state official acting in his official capacity may not be sued pursuant to § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable . . . .

(Emphasis added.) Neither a state nor a state official acting in his official capacity is a "person" subject to suit under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). The court therefore grants Read's motion for summary judgment on all federal claims against Read in his official capacity.

Torres's claims against Read in his individual capacity also fail. Qualified immunity shields government officials from individual liability for civil damages so long as their actions do not violate clearly established federal statutory or constitutional rights. Pearson v. Callahan, 555 U.S. 223, 231 (2009). The qualified immunity inquiry asks whether the officer's conduct violated a constitutional right and whether the right was clearly established at the time of the alleged misconduct. Id. Torres bears the burden of showing that the right at issue was clearly established. See Sorrels v. McKee, 290 F.3d 965, 969 (9th Cir. 2002).

In <u>Alston v. Read</u>, 663 F.3d 1094 (9th Cir. 2011), the Ninth Circuit addressed claims by a different inmate against Read. The plaintiff in <u>Alston</u>, who is represented by the same counsel as Torres, brought a similar overdetention claim against Read and another DPS official. <u>Id.</u> Like Torres, Alston charged that, when DPS reviewed his prison sentence pursuant to the new DPS policy, DPS violated his right to be free from wrongful incarceration by failing to review his court file to ensure that DPS had the benefit of all relevant court documents in his case. <u>Id.</u> at 1099. Alston's judgment "was silent as to whether the sentence was to run concurrent or consecutive with previous sentences." <u>Id.</u> As in Torres's case, the sentence in <u>Alston</u> was recalculated by DPS to conform to Hawaii law. <u>Id.</u> The Ninth Circuit held that Read was entitled to qualified immunity because there was "no clearly established duty on a prison official to review a prisoner's original court records beyond those in his institutional file on the facts of this case." <u>Id.</u> at 1100.

Torres does not dispute that DPS reviewed his institutional file. Rather, Torres blames Read for failing to go beyond the scope of his file. <u>See</u> Am. Compl. ¶¶ 19-22. Torres alleges that if Read had looked into Torres's court record, Read would have learned that the sentencing judge had denied the prosecutor's motion for a consecutive sentence. <u>Id.</u> ¶ 21. This situation clearly echoes the <u>Alston</u> decision. Just as Read had

9

no clearly established duty to review the court file in <u>Alston</u>, Read has no such duty here.

At the hearing on the present motion, Torres argued that his Complaint addresses not only the due process and cruel and unusual punishment issues raised in <u>Alston</u>, but also a Fourth Amendment claim not raised in <u>Alston</u>.  Central to the Ninth Circuit's analysis in <u>Alston</u>, however, is whether prison officials "would have understood that they were violating Alston's right to be free from wrongful incarceration by failing to review his court file to ensure that they had received all relevant court documents in his case."  <u>Alston</u>, 633 F.3d at 1099.  The <u>Alston</u> inquiry goes to the heart of the Fourth Amendment concept of an unreasonable seizure, and its holding therefore is applicable to Torres's Fourth Amendment allegations.  Pursuant to <u>Alston</u>, Read has qualified immunity here.  The court therefore grants Read summary judgment on all federal claims against him in his individual capacity.

This decision leaves no pending federal claims against Read.[1]

---

[1] Read argues that, as this judge held in <u>Beckstrand v. Read</u>, 2012 WL 4490717, at *5-6 (D. Haw. Sept. 26, 2012), a defendant "should be allowed to rely on the very concept of a judgment."  Reply at 3, ECF No. 51.  Thus, Read says, Torres is bound by the judgments entered by the state court.  While this court sees no inconsistency between its ruling in <u>Beckstrand</u> and the present ruling, Read's reliance on <u>Beckstrand</u> in the present case contrasts with its pending appeal of that ruling.

**V.      THE COURT DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION OVER TORRES'S STATE-LAW CLAIMS.**

This case was removed to this court based on federal question jurisdiction. See Notice of Removal of Action to Federal Court Based on Federal Question Jurisdiction, ECF No. 1. Because the federal claims are no longer at issue, and because no other basis for original jurisdiction exists, the court must decide whether to exercise supplemental jurisdiction over the remaining state-law claims against Read.

When the federal claims are dismissed before trial, the exercise of jurisdiction over the remaining state claims is a matter of the court's discretion. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). However, needless "decisions of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring for them a sure-footed reading of applicable law." Id. at 726. Although the Supreme Court has stated that dismissal or remand is not mandatory, it has also recognized that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine --judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

The only claims remaining in this action concern alleged state-law violations by Read.  The court declines to exercise supplemental jurisdiction over those remaining claims and remands this case to state court.  See <u>Calsbad Tech., Inc. v. HIF Bio, Inc.</u>, 556 U.S. 635, 637 (2009) (a district court may properly remand a removed case to state court after declining to exercise supplemental jurisdiction over the state law claims); <u>Cohill</u>, 484 U.S. at 351 (a district court has discretion to remand a case to best accommodate the values of economy, convenience, fairness, and comity); <u>Guzman v. Blockbuster, Inc.</u>, Civ. 09-00075 SOM/BMK, 2010 WL 931840, at *3 (D. Haw. Mar. 9, 2010).  Whether Torres may proceed under state law is a matter left to the state courts to determine.

**VI.     CONCLUSION.**

For the reasons stated above, the court grants summary judgment in favor of Read on all federal claims (First, Second, and Third Causes of Action).  The court remands the state-law claims (the Fourth, Fifth, and Sixth Causes of Action) to the Circuit Court of the First Circuit, State of Hawaii.

//
//
//
//
//

        The clerk of Court is directed to send a certified copy of this order to the Circuit Court of the First Circuit, State of Hawaii.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, November 14, 2012.



        /s/ Susan Oki Mollway
        Susan Oki Mollway
        Chief United States District Judge

William Torres v. Read et al.; Civil No. 11-00724 SOM/BMK; ORDER GRANTING READ'S MOTION FOR SUMMARY JUDGMENT ON TORRES'S FEDERAL CLAIMS AND REMANDING TORRES'S STATE-LAW CLAIMS.